# COMPLAINT
(for non-prisoner filers without lawyers)

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

2022 DEC 27 P 1:19

(Full name of plaintiff(s))

Alper Kolcu

v.

(Full name of defendant(s))

see attached

Case Number:

22 C 15 2

(to be supplied by Clerk of Court)

A. PARTIES

1. Plaintiff is a citizen of Wisconsin and resides at
   (State)

   225 N 66th St, Milwaukee, Wisconsin 53213
   (Address)

   (If more than one plaintiff is filing, use another piece of paper.)

2. Defendant see attached defendants list
   (Name)

is (if a person or private corporation) a citizen of _____
(State, if known)

and (if a person) resides at _____
(Address, if known)

and (if the defendant harmed you while doing the defendant's job)

worked for _____
(Employer's name and address, if known)

(If you need to list more defendants, use another piece of paper.)

B.  STATEMENT OF CLAIM

On the space provided on the following pages, tell:
1. Who violated your rights;
2. What each defendant did;
3. When they did it;
4. Where it happened; and
5. Why they did it, if you know.

City of Milwaukee, Milwaukee County, Milwaukee County Sherriffs Office,

Milwaukee County Jail and Wellpath, LLC, Contracted by Jail Medical Examiners Office,

the City of Milwaukee Police Department and the State of Wisconsin.

These claims arising from the wrongful and unlawful acts of Officers involved

in the arrest of Kolcu including initial arrest, Booking Process, Health Screening and

Stay within the Jail Pod/Cell, resulting from the Milwaukee County Case # 19CF5571

Milwaukee County DA Detective Sarah Blomme, arresting Kolcu on December 17, 2019

from his rightful proceedings for the Divorce Hearing under Milwaukee county

Case # 19FA6662 at 901 N 9th St, Room #702, Milwaukee, WI 53233.

First Arrest19CF5571 Arrested 12/17/19, Released 12/22/19 Al requested treatment due

to his confirmed disability conditions, outlined in the documents supplied, at the time of the initial health screening performed at the jail booking process. Respiratory infections repeated and escalated in January and February of 2020. Hearing tests performed by ENT Dr. Martin Samuel in mid-2021. A 15-20% loss is recorded due to repetitive infections. Second Arrest; (22CF3754) Al was arrested a second time by MCDA Detective Sarah Blomme on September 26th, 2022 at 8:25AM. Similar county jail bookings were performed and AL requested the Sleep Apnea treatment the second time including but not limited to a CPAP/APAP machine and his routine medication. He was denied such rights the second time in three years by the same corporation and the Jail Staff. Services denied, treatment denied, CPAP denied.

Collective actions, have caused serious and significant harm to Mr. Kolcu which include:

Lost wages $70,000.00

Past pain suffering and extreme emotional distress $200,000.00

Medical Bills, not covered by the Health Insurance $15,000.00

Total Damages to Mr. Kolcu $285,000.00

C. JURISDICTION

☒ I am suing for a violation of federal law under 28 U.S.C. § 1331.

OR

☐ I am suing under state law. The state citizenship of the plaintiff(s) is (are) different from the state citizenship of every defendant, and the amount of money at stake in this case (not counting interest and costs) is $ _____.

D. RELIEF WANTED

Describe what you want the Court to do if you win your lawsuit. Examples may include an award of money or an order telling defendants to do something or to stop doing something.

Pay Mr Kolcu Total Damages $285,000.00

Plus legal fees, costs and expenses

Order the County Jail to provide medical treatment, disabilities protections and rights

to be followed as set forth under the The Americans with Disabilities Act (ADA)

and the Civil Rights Act of 1964

Any and all other relief this Courts deems fit.

E.  JURY DEMAND

   I want a jury to hear my case.

   ☒ – YES     ☐ – NO

I declare under penalty of perjury that the foregoing is true and correct.

Complaint signed this ___22nd___ day of ___December___ 20_22_.

Respectfully Submitted,

_____
Signature of Plaintiff

312-404-2424
Plaintiff's Telephone Number

alkolcu@gmail.com
Plaintiff's Email Address

225 N 66th St

Milwaukee, Wisconsin 53213
(Mailing Address of Plaintiff)

(If more than one plaintiff, use another piece of paper.)

## REQUEST TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING THE FILING FEE

☒ I **DO** request that I be allowed to file this complaint without paying the filing fee. I have completed a Request to Proceed in District Court without Prepaying the Filing Fee form and have attached it to the complaint.

☐ I **DO NOT** request that I be allowed to file this complaint without prepaying the filing fee under 28 U.S.C. § 1915, and I have included the full filing fee with this complaint.

Alper Kolcu
225 N 66th St
Milwaukee, Wisconsin
Plaintiff,

Case no. _____
(To be supplied by Clerk Of Court)

Judge _____

vs

George L. Christenson, Milwaukee County Clerk
901 North Ninth Street, Room 105
Milwaukee, WI 53233

Milwaukee County Jail Medical Service Provider
Wellpath, LLC.
3340 Perimeter Hill Drive,
Nashville, TN 37211

Milwaukee County Sheriff's Department
821 W State St, Rm 102,
Milwaukee, WI 53233

Milwaukee County Jail
949 N. 9th Street,
Milwaukee, WI 53233

City of Milwaukee
Attn: Jim Owczarski, Clerk
200 E Wells Street, Rm 205,
Milwaukee, WI 53202

Milwaukee Fire and Police Commission
Attn: La Keisha W. Butler, Executive Director
200 E Wells Street, Room 7A
Milwaukee, WI 53202

Wisconsin Injured Patients & Families Comp Fund
125 S. Webster Street, 2nd Floor,
Madison, WI 53703 US

John Doe,
Milwaukee, WI

ABC 1-5 Companies,
Milwaukee, WI

Defendants Et al.

COMPLAINT AND DEMAND FOR JURY TRIAL

===========================================================================================

Mailing:

Alper Kolcu
225 N 66th St,
Milwaukee, WI, 53213
(312) 404-2424 Phone

2022 DEC 27 P 1: 19

22-C-1552

Tuesday, December 27, 2022

Milwaukee County Clerk
Attn: George L. Christenson
901 N 9th St, Room 104,
Milwaukee, WI, 53233

Milwaukee County Jail Medical Service Provider
Wellpath, LLC.
3340 Perimeter Hill Drive
Nashville, TN 37211

City of Milwaukee
Attn: Jim Owczarski, Clerk
200 E Wells Street, Rm 205
Milwaukee, WI 53202

Milwaukee Fire and Police Commission
Attn: La Keisha W. Butler, Executive Director
200 E Wells Street, Room 7A
Milwaukee, WI 53202

**Re:** **Notice of Intent to File a Lawsuit**
**KOLCU v. Milwaukee County Clerk Et al.**
**Milwaukee, WI**

Dear Mr. Owczarski and Ms. Butler;
Dear Mr. Christenson[1,2], et al.

The purpose of this Letter is to provide a formal notice that Alper Kolcu ("Plaintiff") intends to file a lawsuit against Milwaukee County Jail ("Defendant") due to the reasons explained under the "Statement Of Claims" section below[3].

---

1   A city was liable for the negligent acts of its employees, even though the employees were immune from liability. Maynard v. City of Madison, 101 Wis. 2d 273, 304 N.W.2d 163 (Ct. App. 1981).

2   Service of notice of a claim on a county agency met the jurisdictional prerequisite of sub. (1) (b) [now sub. (1d) (b)]. Finken v. Milwaukee County, 120 Wis. 2d 69, 353 N.W.2d 827 (Ct. App. 1984)

3   This section cannot limit damage awards under 42 USC 1983. The court erred in reducing an attorney fees award. Thompson v. Village of Hales Corners, 115 Wis. 2d 289, 340 N.W.2d 704 (1983).

## 1. Settlement Demand.

As a result of the actions listed under Section 3 "Statement of Claims", the Plaintiff desires relief in the form of monetary settlement or payment listed under Section 4 of this document "Relief" listed below, for Monetary Payment, Punitive Damages, Medical Bills Payments, Personal Injury Penalty payment Dollars ($286,500.00)

This offer to settle the matter out of court and avoid a lawsuit is valid for 30 days days from the Date. If the Plaintiff does not receive a favorable response in 30 days days, the Plaintiff will immediately begin a lawsuit.

## 2. Governing Law.

This Letter of Intent to Sue shall be governed by, and construed in accordance with, the laws of the State of Wisconsin.

Please be advised that I, Alper Kolcu (hereinafter "Al" and/or "Kolcu", "Complainant")., am presenting my case as a Pro Se in the above-referenced matter. Pursuant to Wis. Stat. § 893.55, 893.56, 893.70, 893.80[1,2], 893.80(1m) this letter serves to confirm that I have a claim for damages against the City of Milwaukee, Milwaukee County[2,3], Milwaukee County Sherriff's Office[2], Milwaukee County Jail[2] and Wellpath, LLC[4,5,6]. Contracted by Jail Medical Examiner's Office[2,4], the City of Milwaukee Police Department[2] and the State of Wisconsin[2]. These claims arising from the wrongful and unlawful acts of Officers involved in arrest of Kolcu including initial arrest, Booking Process, Health Screening and Stay within the Jail Pod/Cell, resulting from the Milwaukee County Case # 19CF5571 and Case # 22CF3754.

## 3. STATEMENT OF CLAIM.

Milwaukee County DA Detective Sarah Blomme, arresting Kolcu on December 17, 2019 from his rightful proceedings for the Divorce Hearing under Milwaukee Co. Case# 19FA6662 at 901 N 9th St, Room #702, Milwaukee, WI 53233. The specifics of the arrest are detailed in the Milwaukee County MCDA police report # 19-246 and Criminal Complaint DA Case# 2019ML029320 which is attached in complete form. Not attached are the body camera video from the incident and Health screening details at the time of the booking.

---

[4] A paramedic has a ministerial duty to attempt a rescue at a life threatening situation; thus there is no immunity under sub. (4). Linville v. City of Janesville, 174 Wis. 2d 571, 497 N.W.2d 465 (Ct. App. 1993)

[5] *Regarding the fact that the Milwaukee County Supervisors had proposed to replaced the "Troubled Milwaukee County Jail Medical Services" performed by Third Party Contractor called Armor, based out of Florida with proposed contractor Wellpath in mid-2019.* Allowing the continuation of a "known present danger" is an exception to governmental immunity. To apply, the danger must be so clear and absolute that taking corrective action falls within the definition of a ministerial duty. Expert testimony of dangerousness is not sufficient to establish a "known present danger." Bauder v. Delavan-Darien School District, 207 Wis. 2d 310, 558 N.W.2d 881 (Ct. App. 1996), 95-0495.

[6] A paramedic has a ministerial duty to attempt a rescue at a life threatening situation; thus there is no immunity under sub. (4). Linville v. City of Janesville, 174 Wis. 2d 571, 497 N.W.2d 465 (Ct. App. 1993)

At the time, Al had been employed with MCI Metro d/b/a Verizon Business making $47.05/hour with a net pay of $2540.00 bi-weekly. His annual gross pay was forecasted at around $120K whereas he made less than $50K that year as a result of declined health. Al was unable to secure employment during the recovery period following his stay at the county jail, then took intermittent time-off due to his health reasons which eventually resulted with significant degradation mentally and physically. These diagnoses have been recorded by his Social Worker, Alice Mackey -LCSW (AM Counseling, West Allis); his psychiatrist, Dr.Kurter -MD (West Grove Clinic, Milwaukee); as well as his Primary-Care Dr.Demircioglu-MD (Aurora Family Medicine, St.Francis).

### Medical History;
- Sleep Study performed by Wellness Institute, West Allis in 2016. Sleep Apnea was diagnosed and a CPAP/APAP machine was prescribed in mid-2016 onward.
- Al had an upper respiratory and sinus surgery in Mid-2018 including the correction of a deviated nasal canal via Septoplasty with radiofrequency turbine reduction. A typical recovery period of such surgery is up to two years.
- Al contracted an upper respiratory infection prior to his arrest and visited an urgent care clinic, then medications prescribed 12/10/19 (See Exhibit Rx List). As Al was out of town between 12/10 and 12/14 he started the prescription 12/14/19.

### First Arrest; (19CF5571)
- Arrested 12/17/19. At this time Al was with his father waiting at the hallway Room 702 of County Courthouse for his divorce case #19FA6662.
    - Inv. Blomme approached, accompanied with three MPD officers, Al and asked for his ID only minutes prior to the case called by the clerk. Then he was told he is being arrested.
    - He asked for the reason for the arrest and no one gave explanation. He was handcuffed without an incident and was very compliant.
    - He requested to make a call to his lawyer which was denied.
    - He requested to give car keys and home keys to his father who is a noncitizen US resident visiting his son. His father, Erol Kolcu, does not speak English and had no money, key to the car, a working phone, key to his son's home or any other accommodations which would've been available under a regularly practiced courtesy protocol by the defendants.
        - His father was stranded at the courthouse and incurred expenses to safely travel and access to the house.
    - Al learned several days later the reason for the arrest (MKE Co Case# 19CF5571) and eventually a no contact order was posted by the court and he was not allowed to have a contact with his children for the following 8 months.

- Released 12/22/19
- Al requested special treatment due to his confirmed disability conditions, outlined in the documents supplied, at the time of the initial health screening performed at the jail booking process.
    - Jail staff refused to supply him a CPAP/APAP machine and refused to make urgent contact to his relatives for a potential delivery of his own device.
    - Jail staff and the competent people making medical decisions (Employed directly by the Jail or working as a contractor and the representative of the Milwaukee County Jail)

- refused to contact his pharmacy for collecting the medications that had been prescribed by urgent care doctor prior to his arrest.
    - Jail staff started supplying off-dosage antibiotics three days later, with off-hours and off-dosage which is against the directions supplied on the prescriptions mentioned above, below and exhibits.
    - With the lack of his prescribed medicine and denial of accommodations for the sleep apnea, Al suffered severe health complications including but not limited to chocking episodes, waking up feeling strangulation at night dozens each hour, worsening conditions of sinus infections, conditions that permanently damaged the healing course following the sinus and respiratory surgery he went through the year prior to his arrest.
        - He still suffers from these complications physically and mentally.
- Released 12/22/19
- Respiratory infections repeated and escalated in January and February of 2020.
- More medications were prescribed in spring of 2020 including antidepressants due to depression, anxiety and paranoia resulting from the health episodes occurred in jail.
- Hearing tests performed by ENT Dr. Martin Samuel in mid-2021. A 15-20% loss is recorded due to repetitive infections.
- Al continued to see his therapist and psychiatrist since spring of 2020.

### Second Arrest: (22CF3754)
- Al was arrested a second time with allegations arising from his ex and the same MCDA Detective Sarah Blomme the day of the Jury Trial (19CF5571) on September 26th, 2022 at 8:25AM, only five minutes prior to start of the scheduled jury trial hearing.
    - Inv. Sarah Blomme is "The Essential Witness" to testify at this jury trial.
- Similar county jail bookings were performed, and Al requested the Sleep Apnea treatment the second time including but not limited to a CPAP/APAP machine and his routine medication.[7]
- He was denied such rights the second time in three years by the same corporation and the Jail Staff.

## 4. Relief;

Mr.Kolcu respectfully submits this "Notice of Intent to sue" without waiving any procedural or substantive defenses. The information contained in this position statement is based on Mr.Kolcu's own experience, investigation to date and he respectfully reserves the right to amend it in the future.

---

[7] The existence of a known present danger should not turn on the subjective impressions of a citizen-witness. A public officer's duty to act becomes absolute when the nature of the danger is compelling and known to the officer and is of such force that the officer has no discretion not to act. Hoskins v. Dodge County, 2002 WI App 40, 251 Wis. 2d 276, 642 N.W.2d 213, 01-0834

By your collective actions, you have caused serious and significant harm to Mr. Kolcu which include:

| | |
|---|---|
| Lost wages | $70,000.00 |
| Past pain suffering and extreme emotional distress | $200,000.00 |
| Medical Bills, not covered by the Health Insurance | $15,000.00 |
| Payment to others for care of family member | $1,500.00 |
| Total Damages to Mr. Kolcu | $286,500.00 |

Again, we have enclosed the police reports, criminal complaint, Partial Medical Diagnosis, Partial list of Medications Prescribed.

Sincerely,

Plaintiff, Alper Kolcu

Cc: file
Defendants et al.