UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**ALPER KOLCU,**
        **Plaintiff,**

v.                                                    Case No. 22-cv-1552

**GEORGE L CHRISTENSON, et al.,**
        **Defendants.**

---

## SCREENING ORDER

Plaintiff Alper Kolcu filed a pro se action in this court. Plaintiff has requested leave to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915, and filed a motion to file documents electronically. This order resolves plaintiff's motion for leave to proceed without prepaying the filing fee, plaintiff's motion to e-file, and screens his complaint.

### I. Motion to Proceed Without Prepaying the Filing Fee

Plaintiff requests leave to proceed without prepaying the filing fee. The civil case filing fee is $402 (including a $52 administrative fee that plaintiffs proceeding in forma pauperis do not have to pay). Requiring plaintiff to pay this fee would impose a significant financial hardship on him. Having reviewed plaintiff's affidavit of indigency, I am satisfied that he meets the poverty requirements of 28 U.S.C. § 1915. Accordingly, I will grant his motion to proceed in forma pauperis without prepaying the filing fee. Plaintiff must pay the full $350 filing fee over time as he is able.

### II. Motion to E-File

Plaintiff also requests permission to electronically file documents. General Local Rule 5(a)(2) (E.D. Wis.) exempts self-represented parties from the district's electronic filing requirements. Section I(A)(1) of the court's Electronic Case Filing Policies and

Procedures Manual states that parties who are representing themselves cannot file electronically unless authorized by the court. https://www.wied.uscourts.gov/e-filing/ecf-policies-and-procedures. In general, district courts do not grant self-represented parties leave to file electronically absent extraordinary circumstances. Plaintiff has not demonstrated any extraordinary circumstances that would warrant allowing him to file electronically in this case. Accordingly, I will deny plaintiff's motion to e-file.

### III. Screening the Complaint

In determining whether the complaint states a claim, I apply the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, "accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, plaintiff must allege that someone deprived him of a right secured by the Constitution or laws of the United States, and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). I construe pro se complaints

liberally and hold them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

Plaintiff alleges that he was denied treatment for sleep apnea and other respiratory conditions while in custody of the Milwaukee County Jail for two separate arrests in 2019 and 2022. In both instances, plaintiff was a pretrial detainee. Plaintiff seeks to recover damages for medical expenses, pain and suffering, and lost wages. Plaintiff names as defendants Milwaukee County Clerk George Christenson, Milwaukee County Jail Medical Service Provider Wellpath, LLC, the Milwaukee County Sheriff's Department, the Milwaukee County Jail, Milwaukee County, the City of Milwaukee, the Milwaukee Fire and Police Commission, the State of Wisconsin, the Wisconsin Injured Patients and Families Compensation Fund, John Doe, and ABC 1-5 Companies.

Plaintiff fails to state a claim against Milwaukee County Clerk George Christenson, as the body of his complaint makes no mention of him or any allegation that he participated in the events giving rise to plaintiff's claims. "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir.1974) I will dismiss Christenson from this action.

Plaintiff's claims against the State of Wisconsin also must fail, as a state is not a "person" under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64, 109 S. Ct. 2304, 2308 (1989).

Plaintiff also fails to state a claim against the Wisconsin Injured Patients and Families Compensation Fund. The Wisconsin Injured Patients and Families

Compensation Fund can be sued only under Wisconsin law. *See* Wis. Stat. § 655.27(5); *see also Shaw v. Mcqueeney*, No. 20-C-483, 2021 WL 1610099, at *2 (E.D. Wis. Apr. 26, 2021); *Birkley v. Lt. Jackson*, No. 20-CV-497, 2021 WL 1208865, at *2 (E.D. Wis. Mar. 31, 2021); *Kaiser v. Monroe Clinic, Inc.*, No. 19-CV-315-JDP, 2020 WL 4364179, at *4 (W.D. Wis. July 30, 2020) ("[A]s the Fund points out, it can be sued only under Wisconsin law."). Since plaintiff does not allege any state law negligence claims, I will dismiss the Wisconsin Injured Patients and Families Compensation Fund from this action.

Plaintiff may not proceed with his claims against the Milwaukee Fire and Police Commission. The Milwaukee Police Department is not subject to suit because a police department is not a "legal entity separable from the [local] government which it serves." *Whiting v. Marathon Cty. Sheriff's Dep't.*, 382 F.3d 700, 704 (7th Cir. 2014). The capacity of an entity "to sue or be sued" is determined by state law. Fed.R.Civ.P. 17(b). Wisconsin law explicitly recognizes a suit against a city; however, the statute lacks any authorization to maintain a suit against a police department. *See* Wis. Stat. § 62.25; *see also Grow v. City of Milwaukee*, 84 F.Supp.2d 990, 995-96 (E.D.Wis.2000) (concluding that the City of Milwaukee Police Department was not a proper party defendant). Thus, I will dismiss plaintiff's claims against the Fire and Police Commission and consider whether plaintiff's complaint states a claim against the City of Milwaukee.

In *Monell v. Dept. of Social Srvs.*, 436 U.S. 658 (1978), the Supreme Court held that municipalities are not vicariously liable for the constitutional torts of their employees or agents, but are liable under § 1983 only "for its own violations of the federal Constitution and laws." *First Midwest Bank ex rel. LaPorta v. City of Chi.*, 988 F.3d 978, 986 (7th Cir. 2021); *Monell*, 436 U.S. at 691-694. As a result, a plaintiff seeking to recover

4

Case 2:22-cv-01552-LA   Filed 09/06/23   Page 4 of 9   Document 6

damages from a municipality in a § 1983 claim must show that he has suffered a deprivation of a constitutionally protected interest, and that the deprivation was caused by an official policy, custom or usage of the municipality. *Powe v. City of Chi.*, 664 F.2d 639, 643 (7th Cir.1981). The plaintiff's allegations must connect the defendant to the factual cause of plaintiff's injury, meaning that he must allege some factual basis to suggest (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not expressly authorized by written law or municipal policy, is so permanent and well-settled as to constitute a custom or usage with the force of law; or (3) that constitutional injury was caused by a person with final policymaking authority. *McTigue v. City of Chi.,* 60 F.3d 381, 382 (7th Cir.1995).

The facts alleged in plaintiff's complaint fall short of stating a claim against the City of Milwaukee. Plaintiff's complaint references the City of Milwaukee or any of its employees only once, in his claim that detective Blomme was accompanied by three MPD officers when she arrested plaintiff. That Milwaukee police officers may have been present at plaintiff's arrest is insufficient to state a claim against the City regarding the inadequacy of medical treatment during plaintiff's detention with the County. As such, I will dismiss the City of Milwaukee from this action.

Plaintiff also may not proceed with his claims against defendants Milwaukee County Sheriff's Department and Milwaukee County Jail. The Milwaukee County Jail and Sheriff's Department, like the Fire and Police Commission, are not suable entities under § 1983. *Best v. City of Portland,* 554 F.3d 698 (7th Cir.2009) (citing *Chan v. Wodnicki,* 123 F.3d 1005, 1007 (7th Cir.1997); *West v. Waymire,* 114 F.3d 646, 646–47 (7th Cir.1997)). Looking again to state law pursuant to Fed.R.Civ.P. 17(b), I find that

5

Wisconsin law explicitly authorizes a suit to be maintained against a county. *See* Wis. Stat. § 59.07. Under Wisconsin law, the jail is an arm of the sheriff's department and the sheriff's department is an arm of the county. *See* Wis. Stat. § 59.27. As such, neither the jail nor the sheriff's department are a "legal entity separable from the [local] government which it serves." *Whiting*, 382 F.3d at 704. Thus, I will dismiss plaintiff's claims against the Sheriff's Department and the County Jail and determine whether plaintiff states a claim against Milwaukee County and its medical service provider, Wellpath.

The facts alleged in plaintiff's complaint also fall short of stating a claim against Milwaukee County. "*Monell* liability is rare and difficult to establish." *Stockton v. Milwaukee Cnty.*, 44 F.4th 605, 617 (7th Cir. 2022) (citing *Taylor v. Hughes*, 26 F.4th 419, 435 (7th Cir. 2022)). Plaintiff alleges that Milwaukee County and Wellpath failed to provide him with adequate medical treatment on two separate occasions. The Seventh Circuit has outlined no clear consensus as to how frequently such conduct must occur to impose *Monell* liability. *Thomas v. Cook Cnty. Sheriff's Dep't*, 604 F.3d 293, 303 (7th Cir. 2009). However, it has been held that "three incidents were too few to indicate that the City had a widespread custom of which City policymakers had reason to be aware." *Gable v. City of Chi.*, 296 F.3d 531, 538 (7th Cir. 2002). "Both in the widespread practice implicit policy cases and in the cases attacking gaps in express policies, what is needed is evidence that there is a true municipal policy at issue, not a random event." *Calhoun v. Ramsey*, 408 F.3d 375, 380 (7th Cir. 2005). Plaintiff alleges no facts demonstrating that Milwaukee County and Wellpath had an express policy or widespread practice or custom of depriving detainees of necessary medical treatment. Nor does plaintiff identify an action

by an individual with final policymaking authority. Thus, plaintiff's claim against defendants Milwaukee County and Wellpath must be dismissed.

Though plaintiff's complaint does not state a claim against the County and Wellpath, his complaint alleges facts that may state a colorable claim against the individuals involved in plaintiff's medical care at the time of his arrests. Presumably this is why plaintiff named John Doe as a defendant in his complaint. Because plaintiff does not know the names of the defendants he is suing, I will add Milwaukee County Sheriff Denita R. Ball as a defendant for the limited purpose of helping the plaintiff identify the names of the defendants. *See Donald v. Cook Cnty. Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996). Sheriff Ball does not have to respond to the complaint. After Sheriff Ball's attorney files an appearance in this case, plaintiff may serve discovery upon Sheriff Ball (by mailing it to her attorney at the address in their notice of appearance) to obtain information that will help him identify the defendants. For example, the plaintiff may serve interrogatories (written questions) under Fed. R. Civ. P. 33 or document requests under Fed. R. Civ. P. 34. Because plaintiff does not state a claim against Sheriff Ball, plaintiff's discovery requests must be limited to information or documents that will help him learn the real names of the defendants he is suing. The plaintiff may not ask Sheriff Ball about any other topic, and Sheriff Ball is under no obligation to respond to requests about any other topic. After plaintiff learns the names of those he alleges violated his constitutional rights, he must file a motion to substitute their names for the John Doe placeholder. The court will dismiss Sheriff Ball as a defendant once the plaintiff identifies the defendants' names. After defendants have an opportunity to respond to the plaintiff's complaint, the

court will set a deadline for discovery. At that point, plaintiff may use discovery to get the information he believes he needs to prove his claims.

Plaintiff must identify the names of the John Doe defendants within sixty days of Sheriff Ball's attorney appearing. If he does not or does not explain to the court why he is unable to do so, the court may dismiss his case based on his failure to diligently pursue it. Civil L. R. 41(c).

For the reasons stated, **IT IS ORDERED** that plaintiff's motion for leave to proceed without prepaying the filing fee (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED**, pursuant to Fed. R. Civ. P. 4(c)(3), that the U.S. Marshals Service shall serve a copy of the complaint, a waiver of service form and/or the summons, and this order upon defendants. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(b). The current fee for waiver-of-service packages is $8 per item. 28 C.F.R. § 0.114(a)(2). Although Congress requires the court to order service by the U.S. Marshals Service precisely because in forma pauperis plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service. Plaintiff, however, should provide defendant or its counsel with copies of all future motions or papers filed by the plaintiff in this action.

**IT IS FURTHER ORDERED**, that plaintiff's motion to electronically file is **DENIED**.

**IT IS FURTHER ORDERED**, that defendants Milwaukee County Sheriff's Department, Milwaukee County Jail, Milwaukee County, Wellpath, LLC, Milwaukee Fire and Police Commission, City of Milwaukee, Christenson, Wisconsin Injured Patients and Families Compensation Fund, and the State of Wisconsin are **DISMISSED**.

**IT IS FURTHER ORDERED** that Milwaukee County Sheriff Denita R. Ball shall be named as a defendant for the limited purpose of helping the plaintiff identify the defendants' names. The clerk's office will update the docket accordingly.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between Milwaukee County and this court, copies of the complaint and this order shall be electronically sent to Milwaukee County for service on Sheriff Ball.

**IT IS FURTHER ORDERED** that Sheriff Ball does not have to respond to the complaint; however, she shall respond to discovery requests that the plaintiff serves in an effort to identify the defendants' names. Sheriff Ball does not have to respond to discovery requests about any other topic.

**IT IS FURTHER ORDERED** that the plaintiff must identify the defendants' names **within sixty days of Sheriff Ball's attorney filing an appearance**. If the plaintiff does not identify the defendants' names by the deadline or advise the court why he is unable to do so, the court may dismiss this case based on his failure to diligently prosecute it.

Dated at Milwaukee, Wisconsin this 6th day of September, 2023.

/s/ Lynn Adelman
LYNN ADELMAN
District Judge