UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**ALPER KOLCU,**
       **Plaintiff,**

     v.                                                                 Case No. 22-cv-1552

**SHERIFF DENITA R. BALL,**
       **Defendant.**

---

## ORDER

On September 6, 2023, I screened plaintiff Alper Kolcu's complaint, finding that it failed to state a claim against the named defendants. ECF No. 6. I found that the complaint alleges facts that may state a colorable claim against the individuals involved in plaintiff's medical care at the time of his arrest. Because plaintiff did not know the names of such individuals, I added Milwaukee County Sheriff Denita R. Ball as a defendant "for the limited purpose of helping the plaintiff identify the names of the defendants." *Id.* at 7.

I explained that plaintiff could serve discovery requests on Sheriff Ball to help him identify the names of the individual John Doe defendants. I ordered plaintiff to "identify the names of the John Doe defendants within sixty days of Sheriff Ball's attorney appearing," or explain to the court why he is unable to do so. *Id.* at 8. I warned him that if he failed to do so within that time, I "may dismiss his case based on his failure to diligently pursue it." *Id.* (citing Civil L. R. 41(c)).

On October 31, 2023, counsel for Sheriff Ball entered a notice of appearance. ECF No. 8. Plaintiff thus had until January 1, 2023, sixty days later, to identify the John Doe defendants or explain why he could not do so. That deadline has passed, and plaintiff has not identified the John Doe defendants or requested additional time to do so. The previous

screening order was sent to plaintiff at the address he provided was not returned as undeliverable. The court has no reason to believe he did not receive it. Therefore, in accordance with the screening order, I will dismiss the John Doe defendants. Because Sheriff Ball is not a named defendant in this lawsuit, and there are no other defendants, I will dismiss this case without prejudice because the plaintiff has not diligently prosecuted it. *See* Civil L. R. 41(c) ("Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action . . . the Court may enter an order of dismissal with or without prejudice.").

**IT IS THEREFORE ORDERED** that this case is **DISMISSED without prejudice**. The clerk shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that the plaintiff remains obligated to pay the $350 filing fee.

Dated at Milwaukee, Wisconsin this 9th day of January, 2024.

/s/ Lynn Adelman
LYNN ADELMAN
District Judge