# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ALPER KOLCU,
        Plaintiff,

v.                                                           Case No. 22-cv-1552

JOHN/JANE DOES,
        Defendant.

## ORDER

Pro se plaintiff Alper Kolcu filed a complaint under 42 U.S.C. § 1983, alleging that he was denied medical treatment for sleep apnea and other respiratory conditions while in custody at the Milwaukee County Jail for two separate arrests in 2019 and 2022. This order addresses several outstanding motions.

## I. BACKGROUND

On September 6, 2023, I screened the complaint and concluded that it failed to state a claim against the named defendants. ECF No. 6. I found that the complaint alleges facts that could plausibly state a Fourteenth Amendment claim against the John/Jane Doe individuals involved in plaintiff's medical care while he was detained at the Milwaukee County Jail. *Id.* at 7. Because plaintiff did not know the names of these individuals, I added Milwaukee County Sheriff Denita R. Ball as a defendant "for the limited purpose of helping the plaintiff identify the names of the defendants." *Id.* I explained that plaintiff may serve discovery requests on Sheriff Ball to help him identify the names of the individual Doe defendants. I ordered plaintiff to, within sixty days of Sheriff Ball's attorney appearing, provide the court with the names of the Doe defendants or explain to why he is unable to

do so. *Id.* at 8. I warned him that if he failed to do so within that time, I may dismiss his case based on his failure to diligently pursue it. *Id.* (citing Civil L. R. 41(c)).

On October 31, 2023, counsel for Sheriff Ball entered a notice of appearance. ECF No. 8. On January 9, 2024, I dismissed the complaint without prejudice for plaintiff's failure to identify the Doe defendants or seek an extension of time to do so by the deadline. ECF No. 10. On January 9, 2024, plaintiff moved to reopen the case. ECF No. 12. In support of his motion, plaintiff stated that he never received the notice of appearance filed by Sheriff Ball's counsel. ECF No. 13 at 3. For good cause shown, I granted plaintiff's motion, reopened the case, and gave plaintiff until February 24, 2024, to identify the Doe defendants. ECF No. 14. The day before the deadline, plaintiff moved for a sixty-day extension of time to identify the Doe defendants. ECF No. 15. I granted plaintiff's motion and ordered him to identify the Doe defendants by April 23, 2024.

Plaintiff subsequently filed a motion for extension of time (ECF No. 20), a proposed amended complaint (ECF No. 22), a "petition for writ of mandamus" (ECF No. 18), a "motion to substitute defendants instanter" (ECF No. 26), a motion to compel discovery responses (ECF No. 28), a motion for discovery sanctions (ECF No. 31), and motion for entry of default as to Sheriff Ball (ECF No. 37). Sheriff Ball has filed a motion to quash the subpoenas, for a protective order, to dismiss the petition for writ of mandamus, and to strike the proposed amended complaint and related pleadings. ECF No. 40.

## II. DISCUSSION

### A. Plaintiff's Proposed Amended Complaint

On April 25, 2024, plaintiff filed a sixty-page proposed amended complaint, which names more than fifty defendants and seeks to proceed on claims unrelated to those

2

Case 2:22-cv-01552-LA    Filed 01/16/25    Page 2 of 10    Document 51

alleged in the initial complaint. ECF No. 22. Almost a month later, plaintiff filed a "motion to substitute defendants instanter" in which plaintiff seeks leave to proceed on the claims outlined in his proposed amended complaint. ECF No. 26. I will deny plaintiff's request to amend his complaint because he failed to follow the procedure outlined in this court's Local Rules for amended pleadings. *See* Civ. L. R. 15(b) (E.D. Wis.) ("A motion to amend a pleading must state specifically what changes are sought by the proposed amendments. The proposed amended pleading must be filed as an attachment to the motion to amend.").

I note that even if plaintiff had complied with the Local Rules, many of the allegations in his proposed amended complaint fail to state a claim on which relief may be granted. For example, the proposed amended complaint alleges that misconduct by several of the defendants caused plaintiff to be convicted in state court of the crime of misuse of GPS device (place without consent) in violation of Wisconsin Statute § 940.315(1)(a). However, any such claims are barred by *Heck v. Humphrey*, 513 U.S. 477 (1994). Under *Heck*, before a § 1983 plaintiff may recover damages for alleged harm "caused by actions whose unlawfulness would render a conviction or sentence invalid," plaintiff must first prove that his conviction or sentence has been reversed, expunged, or called into question by the grant of a petition for habeas corpus. 513 U.S. at 486–87. Plaintiff alleges that were it not for the unlawful acts of the defendants, he would not have been convicted of the charges. Because plaintiff's state court conviction still stands, *see State of Wisconsin vs. Alper Kolcu*, Milwaukee County Circuit Court Case No. 2019CF5571, *available at* https://wcca.wicourts.gov, he may not proceed on these claims for damages that would necessarily imply the invalidity of that conviction.

Even if any of plaintiff's new allegations did state a viable claim, I find that the proposed amended complaint violates Rule 20 of the Federal Rules of Civil Procedure for bringing unrelated claims against multiple defendants. While a plaintiff may bring unrelated claims against the same defendant, *see* Fed. R. Civ. P. 18(a), a plaintiff cannot bring unrelated claims against different defendants in the same case. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). A plaintiff may join multiple defendants in a single case only if he asserts at least one claim against each defendant that arises out of the same "transaction, occurrence, or series of transactions or occurrences" and involves questions of law or fact that are common to all the defendants. Fed. R. Civ. P. 20(a)(2); *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) (joinder of multiple defendants in one case "is limited to claims arising from the same transaction or series of related transactions").

Plaintiff's initial complaint alleges a Fourteenth Amendment claim against the Doe defendants who allegedly provided plaintiff inadequate medical care while he was a pretrial detainee at the Milwaukee County Jail in 2019 and 2022. Plaintiff's conditions of confinement at the Jail does not arise from the same transaction or occurrence as his arrests and subsequent state court prosecution. Because these new claims involve different defendants, such claims must be brought in a separate action from the claims arising from his confinement at the Jail. Accordingly, I will deny plaintiff's request for leave to file an amended complaint.[1]

---

[1] Sheriff Ball moves to strike plaintiff's proposed amended complaint. ECF No. 41 at 10–12. Because I am denying plaintiff's request for leave to for leave to amend his complaint, I will deny the motion to strike as unnecessary.

B.  **Plaintiff's Discovery Motions**

Plaintiff's moves to compel discovery responses and for discovery sanctions against Sheriff Ball. ECF Nos. 28, 31. Plaintiff asserts that Sheriff Ball has refused to respond to discovery "Request (#2)." ECF No. 31 at 2. Though plaintiff does not specify what discovery he seeks, Sheriff Ball provides in her response materials plaintiff's Request (#2) and her response:

> REQUEST NO. 2: Names and badge numbers of the police officers involved in the arrest of Alper Kolcu on December 17, 2019, while he was waiting for his first divorce hearing in the County Courtroom.
>
> RESPONSE TO REQUEST NO. 2: Objection. Request No. 2 seeks information outside the scope of the discovery permitted under the Court's Screening Order which states, in relevant part: [P]laintiff's discovery requests must be limited to information or documents that will help him learn the real names of the defendants he is suing. The plaintiff may not ask Sheriff Ball about any other topic, and Sheriff Ball is under no obligation to respond to requests about any other topic.

ECF No. 41 at 12–13.

I agree with Sheriff Ball that the information sought in Request (#2) is neither relevant to plaintiff's claims nor within the scope of discovery permitted at this time. Under the Federal Rules of Civil Procedure, parties may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). The names and badge numbers of the officers who arrested plaintiff on December 17, 2019, is not relevant to plaintiff's claim that he was denied treatment for sleep apnea and other respiratory conditions while a pretrial detainee in the custody of the Milwaukee County Jail. Furthermore, such a request falls outside of the scope of discovery topics to which Sheriff Ball must respond. As I explained in the screening order, plaintiff may serve discovery upon Sheriff Ball to obtain information that will help him

identify the Doe defendants. I explained that such discovery requests "must be limited to information or documents that will help him learn the real names of the defendants he is suing." ECF No. 6 at 7 ("[P]laintiff may not ask Sheriff Ball about any other topic, and Sheriff Ball is under no obligation to respond to requests about any other topic."). For these reasons, I will deny plaintiff's motion to compel and motion for discovery sanctions.

**C.     Plaintiff's "Petition for Writ of Mandamus"**

Plaintiff's "petition for writ of mandamus" seeks to compel the Milwaukee County District Attorney's Office, the Milwaukee Police Department, and the Milwaukee County Sheriff's Department to produce records pursuant to the Wisconsin Open Records Law. ECF No. 18. Sheriff Ball has moved to dismiss the petition. ECF No. 41 at 9–10. I will grant Sheriff Ball's motion, as I do not have subject-matter jurisdiction over the mandamus petition. The Wisconsin Open Records Law affords the public the right to inspect certain documents within the possession of a state or local governmental entity. *See* Wis. Stat. §§ 19.31–19.39. Under the statute, if a state or local authority withholds a record or delays access to it, the record requester may "bring an action for mandamus asking a court to order release of the record." Wis. Stat. § 19.37(1). Such an action arises under state—as opposed to federal—law. This court has subject-matter jurisdiction over state law claims only if the parties are citizens of different states and the amount in controversy exceed $75,000, *see* 28 U.S.C. § 1332(a), or if the state law claims are so related to the claims over which the court has original jurisdiction that they form part of the same case or controversy, *see* 28 U.S.C. § 1367(a). Because neither ground for jurisdiction is proper here, I will dismiss plaintiff's petition.

**D.  Plaintiff's Motion for Entry of Default**

Plaintiff's moves for entry of default as to Sheriff Ball. Federal Rule of Civil Procedure 55 requires that the Clerk of Court enter default against a party who has "failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). But Sheriff Ball was not required to "plead or otherwise defend" in response to plaintiff's complaint. As I explained in the screening order, Sheriff Ball was named as a defendant "for the limited purpose of helping the plaintiff identify the names of the defendants." ECF No. 6 at 7 (citing *Donald v. Cook Cnty. Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996)). The screening order expressly states that "Sheriff Ball does not have to respond to the complaint." *Id.* Because Sheriff Ball was not required to plead or otherwise defend in response to the complaint, plaintiff's motion for entry of default is denied.

**E.  Sheriff Ball's Motion to Quash Subpoenas and for a Protective Order**

On February 23, 2024, plaintiff emailed a Rule 45 subpoena to counsel for Sheriff Ball, seeking "[n]ames of the staff, nurses, doctors and any other medical care provider interacted with the Plaintiff, Alper Kolcu during his arrest. . ." ECF No. 42-2. Sheriff Ball asserts that plaintiff has also issued several subpoenas to the Milwaukee County Sheriff's Department, the Milwaukee Police Department, and the Milwaukee County District Attorney's Office, who are not parties to this action.

Under the Federal Rules, "[s]erving a subpoena requires delivering a copy to the named person[.]" Fed. R. Civ. P. 45(b)(1). Plaintiff emailed his subpoena of Sheriff Ball to her counsel, and in doing so, failed to satisfy the service requirements for subpoenas outlined in Rule 45. Furthermore, before a subpoena is served on the person to whom it is directed, "a notice and a copy of the subpoena must be served on each party." Counsel

7

Case 2:22-cv-01552-LA    Filed 01/16/25    Page 7 of 10    Document 51

for Sheriff Ball avers that her office did not receive a notice and a copy of the non-party subpoenas before plaintiff served the non-party recipients. ECF No. 42, ¶ 10. Accordingly, I find that the Rule 45 subpoenas directed to Sheriff Ball and the non-parties require no response.

**F.     Plaintiff's Motion for Extension of Time**

Plaintiff moves for an extension of time to name the Doe defendants. ECF No. 20. I will afford plaintiff ***one final opportunity*** to provide the court with the identity of the Doe defendants. Plaintiff must identify the Doe defendants by March 18, 2025. ***I will not extend this deadline again.*** If plaintiff identifies the names of the Doe defendants by the deadline, I will order service pursuant to Fed. R. Civ. P. 4(c)(3). ***If plaintiff does not identify the defendants' names by the deadline, I will dismiss this case for failure to diligently prosecute***. *See* Civ. L.R. 41(c) ("Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action, the Court may enter an order of dismissal with or without prejudice.").

As previously explained, plaintiff may serve discovery upon Sheriff Ball by mailing it to her attorney at the address in the notice of appearance to obtain information that will help him identify the Doe defendants. Because plaintiff's sole claim is a Fourteenth Amendment deliberate indifference claim against the John/Jane Doe defendants who allegedly provided inadequate medical care while plaintiff was a pretrial detainee at the Milwaukee County Jail in 2019 and 2022, plaintiff's discovery requests must be limited to information or documents that will help him learn the real names of the defendants he is suing. ***Plaintiff may not ask Sheriff Ball about any other topic, and Sheriff Ball is under no obligation to respond to requests about any other topic.*** After plaintiff

learns the names of those that he alleges violated his rights, he must file a motion to substitute their names for the John/Jane Doe placeholder. I will then dismiss Sheriff Ball as a defendant. After the defendants have an opportunity to respond to the plaintiff's complaint, the court will set a schedule for discovery. At that point, plaintiff may use discovery to get the information he believes he needs to prove his claims.

***I warn plaintiff that the Federal Rules of Civil Procedure provide district courts with the power to involuntarily dismiss a case because of a plaintiff's failure to prosecute, failure to comply with the Federal Rules of Civil Procedure, or failure to comply with a court order***. *See* Fed. R. Civ. P. 41(b). The record indicates that plaintiff's previous discovery requests have not complied with the requirements of the Federal Rules and previous orders of this court. The Seventh Circuit has advised that no case should be dismissed under Rule 41(b) without "explicit warning" of the potential sanction. *Ball v. City of Chicago*, 2 F.3d 752, 755–56 (7th Cir. 1993). ***Plaintiff is hereby warned that failure to comply with the Federal Rules of Civil Procedure or court orders will result in dismissal of this case.***

### III. CONCLUSION

For the reasons stated above, **IT IS ORDERED** that plaintiff's "motion to substitute defendants instanter" (ECF No. 26), motion to compel discovery responses (ECF No. 28), motion for discovery sanctions (ECF No. 31), and motion for entry of default (ECF No. 37) are **DENIED**.

**IT IS FURTHER ORDERED** that Sheriff Ball's motion to quash subpoenas, for protective order, to dismiss petition for writ of mandamus, and to strike proposed first amended complaint and related pleadings (ECF No. 40) is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** that plaintiff's motion for extension of time to identify the Doe defendants (ECF No. 20) is **GRANTED**. Plaintiff must identify the Doe defendants by **March 18, 2025**. I will not extend this deadline again. If plaintiff identifies the names of the Doe defendants by the deadline, I will order service pursuant to Fed. R. Civ. P. 4(c)(3). If plaintiff does not identify the defendants' names by the deadline, I will dismiss this case for failure to diligently prosecute.

Dated at Milwaukee, Wisconsin this 16th day of January, 2025.

/s/ Lynn Adelman
LYNN ADELMAN
District Judge